Filed 6/29/26  Leyva v. Kharbouch CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION ONE

| | |
|---|---|
| JAYSON LEYVA, | B345452 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 21STCV39933) |
| v. | |
| KARIM KHARBOUCH et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lee S. Arian, Judge.  Affirmed in part, dismissed in part.

Wolk & Levine, Sarah R. Wolk and Zachary Levine for Defendants and Appellants.

Law Office of Marc Katzman, Marc J. Katzman and Kathryn Sterling for Plaintiff and Respondent.

———————————

Jason Leyva provided landscaping services to Karim Kharbouch, an artist who performs under the name French Montana, at Kharbouch's home in Calabasas. Leyva alleged that one of Kharbouch's dogs bit Leyva and injured him when Leyva was working on the property. Leyva sued Kharbouch and got a default judgment. Kharbouch later moved to set aside the default judgment pursuant to Code of Civil Procedure section 473, subdivision (b) (section 473(b))[1] claiming his failure to participate in the litigation resulted from excusable neglect. The trial court denied the motion, finding Kharbouch had not carried his burden to show such excusable neglect.

Kharbouch now appeals, asking that we reverse. Leyva counters that Kharbouch's appeal is frivolous and requests we issue sanctions that include dismissing the appeal. We deny Leyva's request for appellate sanctions and affirm the trial court's denial of Kharbouch's set aside motion. Leyva's complaint named a limited liability company (LLC) associated with Kharbouch, and the LLC has also appealed. We dismiss its appeal as judgment was not entered against it. Because the LLC is not aggrieved by the order at issue, it lacks standing to appeal.

## FACTUAL AND PROCEDURAL SUMMARY

On appeal, we " 'view the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its favor.' " (*Thompson v. Tracor Flight Systems, Inc.* (2001) 86 Cal.App.4th 1156, 1166.) We follow this standard in summarizing the

---

[1] Unspecified statutory references are to the Code of Civil Procedure.

pertinent facts. We also disregard factual assertions in the appellate briefing that lack supporting citations to the record. (*Grant-Burton v. Covenant Care, Inc.* (2002) 99 Cal.App.4th 1361, 1379.)

After Kharbouch purchased the Calabasas property in 2016, it was transferred to the LLC. The LLC owned and managed the property; Kharbouch was the LLC's manager. Kharbouch asserts he listed the property for sale in 2020 and sold it in 2021.

On October 2021, Leyva sued Kharbouch and the LLC. Although the record does not contain the complaint, both parties agree that Leyva was on the property in 2019 providing landscaping services when he was allegedly bitten by one of Kharbouch's dogs and sued to recover for his injuries. After Leyva unsuccessfully tried on multiple occasions to serve Kharbouch with the summons and complaint, the court authorized service by publication in July 2023. In September 2023, Leyva filed proof of publication.

On October 16, 2023, the court entered Kharbouch's default. Neither party claims, nor does the appellate record disclose, that the court entered the LLC's default.[2] Leyva thereafter requested the court enter a default judgment against Kharbouch only. It appears the court initially rejected these requests, which sought monetary amounts significantly greater than what the court eventually authorized. On October 28, 2024,

---

[2] The case register instead indicates that the court granted a request by Leyva to dismiss the LLC without prejudice on April 3, 2023. Neither the dismissal request nor the order are in the record.

the court entered judgment in Leyva's favor against Kharbouch for $402,644.39 ($400,225 in damages and $2,149.39 in costs).

On February 13, 2025, Kharbouch and the LLC filed a motion to set aside the entry of default judgment pursuant to section 473(b). Kharbouch claimed excusable neglect for his failure to respond to the complaint based on a lack of actual notice about the lawsuit and on his belief the matter had already been resolved. Kharbouch acknowledged he knew that Leyva's representatives had contacted the property's listing agent about Levya's personal injury claim when the home was for sale, but asserted he was unaware of the lawsuit, the attempts to serve him, and the publication notice. Kharbouch did not explain how he became aware of the default judgment. Kharbouch averred that Leyva had signed a waiver of liability before working on the property and described its purported terms. Kharbouch further declared that he entered into a settlement agreement with Leyva in August 2020 regarding the dog bite and paid Leyva an unspecified amount as part of that agreement. Kharbouch did not provide a copy of the purported waiver or settlement agreement; he did attach a redacted wire transfer form showing the transfer of an unknown amount of money from his management company to Leyva in August 2020.

Leyva opposed the motion. He submitted a declaration stating that he never signed a waiver of liability. Leyva's attorney also submitted a declaration stating that he had asked Kharbouch's attorney for a copy of the purported waiver and that nothing was ever provided. Leyva acknowledged having settlement discussions with Kharbouch, but said he never agreed to a settlement and never signed a settlement agreement. Leyva asserted the settlement agreement provided to his lawyer by

4

Kharbouch's counsel was a forgery: among other things, he was represented at the time but Leyva's lawyer is not mentioned in it and is not a signatory, the signature purporting to be from Leyva was not his, and he was not in the United States on the date he purportedly signed the settlement agreement. Leyva attached proof corroborating his presence in Mexico at the time of his alleged signature; he did not attach the purported settlement agreement. Leyva stated the wire transfer he received was payment for landscaping services owed and not in connection with any settlement agreement related to his injuries from the dog bite. Leyva's attorney declared that he asked questions about the creation and execution of the purported settlement agreement, all of which Kharbouch's attorney refused to answer.

Kharbouch and the LLC filed a reply which focused on the timeliness of the set aside request. The reply did not include any additional evidence or seek to rebut Leyva's assertions about the purported waiver and settlement agreements, claiming those issues went to the merits of the lawsuit and were not relevant to the motion to set aside. The reply also clarified that Kharbouch and the LLC did not dispute service was proper and contended only that they were unaware of the lawsuit.

After hearing argument, the court issued a written order denying the motion to set aside on March 13, 2025. The court noted that, to the extent Kharbouch was claiming lack of actual notice, his motion should have been brought under section 473.5 and that Kharbouch failed to provide information on key facts pertinent to a section 473.5 motion. The court also found Kharbouch had not carried his burden to show excusable neglect based on his alleged belief the matter was settled, not least of all

5

because he did not provide the court with a copy of the purported settlement agreement.

Kharbouch and the LLC timely appealed the denial of the motion to set aside. Because there is no indication judgment was ever entered against the LLC, it is not aggrieved by the order being appealed and lacks standing. (§ 902.) We therefore dismiss its appeal. (*Six4Three, LLC v. Facebook, Inc.* (2020) 49 Cal.App.5th 109, 118.)

## DISCUSSION

### A. Leyva's Request for Sanctions

Leyva requests that we impose terminating as well as monetary sanctions and not reach the merits of Kharbouch's appeal. He bases this request on a video clip not presented to the trial court, which purportedly shows that Kharbouch perjured himself when he claimed in his February 2025 declaration submitted to the trial court to be unaware of Leyva's lawsuit, as well as on the insufficiency of the appellate record designated by Kharbouch.

We decline to consider the new evidence Leyva proffers for the first time on appeal. According to Leyva, video of a February 23, 2024 publicity appearance by Kharbouch shows that Kharbouch told an interviewer that he knew about Leyva's lawsuit. This evidence "could have been obtained before the trial court ruled,"[3] which was not until over a year later in March

---

[3] Leyva asserts he was unaware of this video at the time of the hearing before the trial court, but his counsel's declaration indicates that no effort to investigate public statements made by Kharbouch was made until after the trial court ruled. Once that investigation was undertaken, counsel found the video in

6

2025, and Leyva's "decision not to present that evidence before the trial court is not a sufficient ground to justify our reviewing it here." (*Bombardier Recreational Products, Inc. v. Dow Chemical Canada ULC* (2013) 216 Cal.App.4th 591, 604-605.) As we do not consider this additional evidence, the record before us with regard to the veracity of Kharbouch's declaration is the same as it was before the trial court. To the extent Leyva thought Kharbouch's declaration warranted sanctions because it was perjurious, his remedy was to make that request to the trial court and not wait to do so for the first time on appeal. This court reviews factual determinations by a trial court; we do not make them in the first instance.

As for Kharbouch's record designation, although it omitted important documents (such as Leyva's opposition to the motion to set aside) in the circumstances before us those deficiencies do not warrant monetary sanctions, much less the draconian remedy of terminating sanctions. We therefore deny Leyva's motion for appellate sanctions.

## B.     The Motion to Set Aside

Under the version of section 473(b) that was in effect at the time of the challenged proceedings, "The court may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the

---

question. Thus, with the exercise of reasonable diligence, the video could have been presented to the trial court.

7

judgment, dismissal, order, or proceeding was taken. . . ." (Former § 473(b) [eff. through Dec. 31, 2025].)

As the party seeking relief, Kharbouch "bears the burden of proof in establishing a right to relief." (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.) "Whether the moving party has successfully carried this burden is a question entrusted in the first instance to the discretion of the trial court; its ruling will not be disturbed in the absence of a demonstrated abuse of that discretion." (*Ibid.*)

1.    *Alleged Lack of Notice*

As the trial court noted, Kharbouch's claim that he did not have actual notice of the lawsuit is more properly considered pursuant to section 473.5 than section 473(b). Although Kharbouch claims he was unaware of the lawsuit, he does not dispute service was proper. Section 473.5, subdivision (a) provides, "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against the party in the action, the party may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action" within certain time limits.

As the trial court noted, Kharbouch's motion did not provide the evidence necessary to support relief under section 473.5 motion. Given that the court granted a request to serve by publication, there is a reasonable inference that Kharbouch avoided service by other means. Yet Kharbouch provided no evidence to indicate that his lack of actual notice "was not caused by [his] avoidance of service," as section 473.5 requires. (§ 473.5, subd. (b).) That omission is fatal to any claim for relief under section 473.5.

8

Analyzing whether the asserted lack of actual notice constituted excusable neglect for purposes of section 473(b) leads to the same result. "Excusable neglect exists when 'a reasonably prudent person in similar circumstances might have made the same error.'" (*County of San Bernardino v. Mancini* (2022) 83 Cal.App.5th 1095, 1103.) Kharbouch failed to supply credible evidence demonstrating he acted with appropriate prudence, and the reasonable inferences from the record are to the contrary. Accordingly, the court did not abuse its discretion in denying the request to set aside the default judgment based on lack of actual notice.

2. *Alleged Mistaken Belief Regarding Settlement*

In rejecting set aside relief under section 473(b) based on Kharbouch's allegedly mistaken belief that the dispute had already settled, the court found Kharbouch had failed to carry his burden of proof. Kharbouch claimed Leyva executed a waiver of liability and a settlement agreement, but he did not provide a copy of either to the court. Leyva supplied information contradicting Kharbouch, including documents corroborating that Leyva could not have signed the purported settlement agreement when Kharbouch claimed. The court could reasonably infer from these facts that no waiver or settlement agreement in fact existed, and that Kharbouch was not acting under any belief that they did.

When a trial court order is based on the moving party's failure to carry his burden of proof, as is the case here, we review for whether that finding was erroneous as a matter of law, specifically whether the movant's evidence was uncontradicted and unimpeached, and of such a character and weight as to leave no room for the trial court to determine it was insufficient.

(*Vasquez v. SaniSure, Inc.* (2024) 101 Cal.App.5th 139, 143-144.) Kharbouch's evidence was contradicted and impeached, and not of the type that compelled a finding in his favor as a matter of law. We thus perceive no abuse of discretion in the trial court denying his motion.

Kharbouch claims that the trial court incorrectly considered the (non)existence of the settlement agreement in denying his motion because he was required only to show a potentially meritorious defense to litigate on the merits, and not an actually meritorious defense. In making this argument, Kharbouch cites long-superseded case law that required movants seeking a set aside to show they had a meritorious defense. "[I]n 1981, after decades of criticism, the Legislature abrogated any such requirement by explicitly declaring, 'No affidavit or declaration of merits shall be required of the moving party.' (§ 473(b); Stats. 1981, ch. 122, § 2, p. 862.)" (*Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1144.) The trial court followed current law and properly considered the settlement agreement as it related to Kharbouch's claim of excusable neglect, and not for any improper purpose.

## DISPOSITION

The LLC's appeal is dismissed.  The order denying the motion to set aside the default judgment entered against Kharbouch is affirmed.  Levya's motion for sanctions is denied. Leyva is awarded his costs on appeal.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:



ROTHSCHILD, P. J.



M. KIM, J.